UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALEXA MARIA SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS J FARRAH, II, et al.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 24-10461-BEM<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER ON MOTION TO DISMISS

**MURPHY, J.**                                                                                                   March 10, 2025

The Massachusetts Department of Children and Family Services ("DCF") moved to dismiss Plaintiff's Amended Complaint as to DCF. Dkt. 20. For the reasons stated below, the motion is ALLOWED.

**I.     BACKGROUND**

This is the third lawsuit Plaintiff has filed in connection with the tragic death of her daughter. *See Sanchez v. Canela et al.*, No. 21-cv-11420-AK (D. Mass.) (filed September 2, 2021) ("*Sanchez I*"); *Sanchez v. Farrah et al.*, 2277CV00380 (Mass. Super.) (filed April 22, 2022). Each of these prior lawsuits involved the same basic facts as the instant case.[1] *See* Dkt. 22-2 at 1–2 ("The Plaintiff agrees that the claims are nearly identical."); *id.* at 11 (referring to her previous complaints as based on "an identical fact pattern").

In *Sanchez I*, claims against DCF were dismissed under Rule 12(b)(6). *Sanchez I*, Dkt. 42, at 6, 8–17. Although the court's order of dismissal was "silent on the issue," the Court properly

---

[1] Those facts are set out in the *Sanchez I* order of dismissal. *See Sanchez*, No. 21-cv-11420-AK, Dkt. 42.

"presume[s] that such a dismissal was with prejudice." *Foss v. Marvic Inc.*, 994 F.3d 57, 63 (1st Cir. 2021); *U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 241 (1st Cir. 2004) ("[I]n the absence of a clear statement to the contrary, a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is presumed to be with prejudice."), *abrogated on other grounds by United States ex rel. Gagne v. City of Worcester*, 565 F.3d 40 (1st Cir. 2009); *AVX Corp. v. Cabot Corp.*, 424 F.3d 28, 30 (1st Cir. 2005) ("Ordinarily, a dismissal for failure to state a claim is treated as a dismissal on the merits, and there is abundant case law to this effect.").

Moreover, in substance, Plaintiff's claims were judged on their merits. Plaintiff is incorrect in arguing that her claims against DCF in *Sanchez I* were dismissed on jurisdictional, Eleventh Amendment grounds. *See* Dkt. 22-2 at 10. Rather, the *Sanchez I* court found that she had "not sufficiently pleaded" her claims. *Sanchez I*, Dkt. 42, at 8, 10–11, 15–17. Thus, not just as a matter of omission but as a matter of fact, the court's dismissal constituted a judgment on the merits.

## II.   PRECLUSIVE EFFECT

Because Plaintiff received a judgment on the merits, she is barred, under the doctrine of claim preclusion, from bringing claims against DCF based on the same "nucleus of operative fact." *Brownback v. King*, 592 U.S. 209, 215 n.3 (2021). Plaintiff's claims in this lawsuit clearly meet that standard. *See* Dkt. 22-2 at 1–2, 11. Invoking "a different legal theory or source of law" does not change the result. *Aunyx Corp. v. Canon U.S.A., Inc.*, 978 F.2d 3, 8 (1st Cir. 1992).

## III.   CONCLUSION

Accordingly, DCF's motion is ALLOWED.  Plaintiff's claims against DCF are DISMISSED.[2]

IT IS SO ORDERED.

/s/ Brian E. Murphy<br>
United States District Judge

---

[2] The Court does not reach DCF's other arguments.  *See generally* Dkt. 21.